**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNOWEB VIRTUAL, LLC<br><br>　　　　*Plaintiff,*<br><br>v.<br><br>OPEN TEXT INC.<br><br>　　　　*Defendant.* | Civil Action No. 2:19-cv-8 (JRG) |

**DEFENDANT OPEN TEXT INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Open Text Inc. ("OpenText") respectfully submits its Answer, Defenses, and Counterclaims in response to the First Amended Complaint (Dkt. No. 17) ("Amended Complaint") filed by Plaintiff UnoWeb Virtual, LLC ("UnoWeb" or "Plaintiff").   OpenText denies any allegation that it infringes U.S. Patent No. 7,730,083 (the "'083 Patent") and further responds as follows:

**INTRODUCTION**

1.　　　　OpenText, in an effort to expand its product base and profit from the use and sale of specific content management systems that practice methods that were unknown prior to the development of the '083 patent, has undertaken to copy the technologies disclosed in the '083 patent.

**ANSWER**: OpenText denies the allegations set forth in paragraph 1 of the Amended Complaint.

2.     John Almeida is the inventor of the '083 patent.[1]  Mr. Almeida developed the technologies at issue in this case in response to his exposure to the unique problems that retailers and advertisers faced from the specific architecture of the internet.

**ANSWER**: OpenText denies the allegations in paragraph 2 and the footnote contained therein insofar as they allege that the '083 Patent, or any of the referenced patents or applications, disclose or claim a patentable invention.   OpenText is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the Amended Complaint, including the footnote contained therein, and, accordingly, denies the allegations.

3.     UnoWeb is based in Plano, Texas.   UnoWeb developed UnoWeb AdMind, UnoWeb WayVi, and UnoWeb OpenCommerce, and its technologies can be seen, in part, at www.unoweb.com and www.unowebdemo.com.

**ANSWER**: OpenText is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 3 of the Amended Complaint, and, accordingly, denies the allegations.

4.     Mr. Almeida is the founder and owner[2] of UnoWeb and a resident of Plano, Texas. Mr. Almeida sought patent protection for his inventions. A software developer who moved to the United States from Brazil, Mr. Almeida worked on e-commerce applications in the first wave of internet businesses in the mid-1990s. Mr. Almeida worked for TradeYard.com[3] and Roidirect.com.[4] These early internet companies exposed Mr. Almeida to problems that were

---

[1] John Almeida is the inventor of 16 issued U.S. patents, 38 published U.S. patent applications, and additional pending unpublished patent applications before the United States Patent and Trademark Office ("USPTO").
[2] UnoWeb Virtual, LLC is owned by UnoWeb Holdings, LLC. Mr. Almeida owns over 90% of UnoWeb Holdings, LLC.
[3] *See* Colleen Benson, *People in Business*, SAN FRANCISCO CHRONICLE (May 8, 2000) (Describing TradeYard as an "Internet marketplace for used heavy equipment." Although common today TradeYard was introducing the novel idea of providing an internet distribution venue to regional brick and mortar stores); *see also Micro General Affiliate Escrow.com Announces Integration of Fully Functional Transaction Settlement Engine by B2B Exchanges,* Micro General Corporation Press Release (December 5, 2000).
[4] *See* Merrill Warkentin, BUSINESS TO BUSINESS ELECTRONIC COMMERCE: CHALLENGES AND SOLUTIONS AT 267 (2002) (Describing the ROIDIRECT.com solution as "such companies provide eServices such as payment processing, logistics, and site monitoring. Some vendors that provide such services are

unique to content distribution and advertising on the internet.[5] Problems such as internet server resource allocation, third-party content integration on the World Wide Web, and internet advertising click-fraud were unique problems arising from the context of content distribution over a computer network and internet-based advertising.

**ANSWER**: OpenText is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint, including the footnotes contained therein, and, accordingly, denies the allegations.

5.      In creating UnoWeb, Mr. Almeida developed inventions directed to content management. These inventions led to a number of patents, including the '083 patent, that disclose systems and methods for distributing and managing access to data where data is stored in multiple external servers or independent content hosts in the same server location. These content management patents address, among other things, the difficult problem of managing access to data supplied by third parties.

**ANSWER**: OpenText denies that the referenced "number of patents, including the '083 patent" disclose or claim patentable inventions.  OpenText is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Amended Complaint, and, accordingly, denies the allegations.

6.      UnoWeb's patents and published patent applications have been cited in over 200 United States patents and published patent applications as prior art before the United States Patent and Trademark Office.[6] Companies whose patents and patent applications cite the UnoWeb patents include:
- eBay, Inc.
- Amazon.com, Inc.
- Adobe Systems, Inc.
- Microsoft Corporation
- International Business Machines Corporation
- Xerox Corporation

---

bccentral.com (from Microsoft.com), Webvision.com, Roidirect.com, dellworks.com, and Websphere from ibm.com.").
[5] *See e.g.*, U.S. Patent App. 2003/0120560, *Method for Creating and Maintaining WorldWide ECommerce* (Filed December 20, 2001) ("At present, there are needs for easy and affordable worldwide e-commerce solutions where the seller can have their goods and services sold.").
[6] The 200 forward citations to the UnoWeb patents do not include patent applications that were abandoned prior to publication in the face of the UnoWeb patents.

- AT&T Corporation
- Yahoo!, Inc.
- Facebook, Inc.
- Hewlett- Packard Development Company, L.P.
- Raytheon Company
- CBS Interactive, Inc.
- Apple, Inc.
- Demandware, Inc.
- Symantec Corporation
- Websense, Inc.
- Sony Corporation
- Panasonic Corporation
- Netapp, Inc.
- Vodafone Group PLC
- Google, Inc.
- Qualcomm, Inc.
- Alibaba Group Holding Limited
- Ericsson Television, Inc.

**ANSWER**: OpenText denies the allegations in paragraph 6 of the Amended Complaint insofar as they allege that UnoWeb's patents disclose or claim patentable inventions. OpenText is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Amended Complaint, including the footnote contained therein, and, accordingly, denies the allegations.

## THE PARTIES

### UnoWeb Virtual, LLC

7.    UnoWeb is a small, Plano, Texas-based company. UnoWeb developed information management solutions to allow companies and individuals to manage internet content, provide contextual internet advertising, and conduct internet-based social networking services. UnoWeb depends on patent protection to effectively license its innovative technologies. UnoWeb has secured licenses for its patents, including the '083 patent, from a number of leading technology companies.

**ANSWER**: OpenText denies the allegations in paragraph 7 insofar as they allege that UnoWeb's patents or the '083 Patent disclose or claim patentable inventions or have any value.

OpenText is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the Amended Complaint, and, accordingly, denies the allegations.

8.      John Almeida, the inventor of the '083 patent and owner of UnoWeb, resides in the Eastern District of Texas. UnoWeb's principal place of business is located in the Eastern District of Texas at 5761 Robbie Road, #3403, Plano, Texas 75024.

**ANSWER**: OpenText is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint, and, accordingly, denies the allegations.

9.      OpenText's sale and distribution of OpenText Document Management, eDOCS Edition ("eDOCS DM"), which infringes the '083 patent, has caused and continues to cause UnoWeb irreparable harm.

**ANSWER**: OpenText denies the allegations set forth in paragraph 9 of the Amended Complaint.

10.     As a result of OpenText's unlawful competition in the Eastern District of Texas and elsewhere in the United States, UnoWeb has lost sales and profits and suffered irreparable harm, including lost market share and goodwill.

**ANSWER**: OpenText denies the allegations set forth in paragraph 10 of the Amended Complaint.

**OpenText**

11.     Upon information and belief, Defendant OpenText is a corporation organized under the laws of Canada, with its principal place of business located at 275 Frank Tompa Drive, Waterloo, Ontario, N2L 0A1, Canada. In a Strategy Presentation for Fiscal Year 2016, entitled "Strategic Update" and available at http://investors.opentext.com/static-files/8ff850fb-5fdf-409b-8249-c51a085a7535, OpenText noted that it was "the global leader in Enterprise Information

Management (EIM)[,]" that it was an "[i]ndustry consolidator" and had "completed 53 acquisitions[,]" and that its EIM Market Strategy included "[h]undreds of acquisition targets[.]" *Id.* at slides 3, 7.

**ANSWER**: OpenText denies the allegations of paragraph 11, except it refers to the referenced "Strategic Update" for a true and complete statement of its contents.

12.     OpenText's statements to the public, including statements made through websites (as well as press releases and other marketing materials), demonstrate that OpenText is actively involved in developing its worldwide business, including in Texas. *See*, *e.g.*, https://www.opentext.com/about/office-locations.

**ANSWER**: OpenText admits that it is actively involved in developing its business, including in Texas.  Except as expressly admitted, OpenText denies all other allegations set forth in paragraph 12 of the Amended Complaint.

13.     OpenText offers OpenText Document Management, eDOCS Edition (eDOCS DM) for sale throughout the United States and Canada through various channels. OpenText maintains extensive operations in Texas, including the following: an Austin, Texas office, located at 1301 S. Mopac Expressway, Suite 150, Austin, TX 78746; a Dallas, Texas office, located at 15725 Dallas Parkway, Two Addison Circle, Dallas, TX 75001; and a San Antonio, Texas office, located at 10537 Gulfdale Drive, San Antonio, TX 78216.[7] OpenText offers eDOCS DM through its distribution channel, which includes distribution within the Eastern District of Texas. OpenText has affirmatively entered the Texas market with a product that gives rise to UnoWeb's claims of infringement. Further, OpenText advertises eDOCS DM throughout the Eastern District of Texas.

**ANSWER**: OpenText admits that it offers OpenText Document Management eDOCS edition (eDOCS DM) for sale in the United States and Canada.  OpenText admits that it has field offices located at 1301 S. Mopac Expressway, Suite 150, Austin TX 78746, 15727 Dallas Pky, Two Addison Circle, Dallas TX 75001, and 10537 Gulfdale Drive, San Antonio, TX 78216. OpenText eDOCS DM has been offered, marketed and/or sold within the Eastern District of

---

[7] OpenText has also claimed in a recent investor presentation that it has three core data centers located in Texas. See Investor Presentation, February 2019, at slide 16, available at http://investors.opentext.com/static-files/5953b9a0-0bfe-4bd4-9074-a9fef83a9915.

Texas.   Except as expressly admitted, OpenText denies all other allegations set forth in

paragraph 13 of the Amended Complaint, including in the footnote contained therein, and

including the allegation that OpenText infringes any UnoWeb patent.


14.     OpenText also maintains a highly interactive and commercial website, accessible
to residents of Texas and this judicial District, through which OpenText promotes its products
and services, including eDOCS DM. The level of interactivity of OpenText's website rises to a
level where establishing minimum contacts over OpenText would not offend traditional notions
of fair play and substantial justice.

**ANSWER**: OpenText admits that it maintains a website that promotes its products and

services, including eDOCS DM, and that the website is accessible to residents of Texas and the

Eastern District of Texas.  Except as expressly admitted, OpenText denies all other allegations in

paragraph 14 of the Amended Complaint.


15.     OpenText has purposefully and voluntarily placed its infringing product into the
stream of commerce with the expectation that it will be purchased and/or used by residents of
this District and/or incorporated into downstream products purchased by consumers in this
District.

**ANSWER**: OpenText denies the allegations set forth in paragraph 15 of the Amended

Complaint.


16.     Because OpenText actively targets customers in the Eastern District of Texas and
throughout the United States, OpenText's infringement adversely affects UnoWeb and John
Almeida, UnoWeb's founder and owner, who lives and works in the Eastern District of Texas.

**ANSWER**: OpenText denies the allegations set forth in paragraph 16 of the Amended

Complaint.

## JURISDICTION AND VENUE

17.    This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**: OpenText admits that Plaintiff purports to allege an action arising under the

patent laws of the United States, Title 35 of the United States Code, and that this Court has

subject matter jurisdiction over patent infringement claims pursuant to 28 U.S.C. §§ 1331 and

1338(a).  OpenText denies the merits of this action and that Plaintiff has stated a cause of action.

Except as expressly admitted, OpenText denies any and all other allegations set forth in

paragraph 17 of the Amended Complaint.

18.    Upon information and belief, this Court has personal jurisdiction over OpenText in this action because OpenText has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over OpenText would not offend traditional notions of fair play and substantial justice. Defendant OpenText directly and, upon information and belief, through intermediaries (including distributors, retailers, and/or others), has committed and continues to commit acts of infringement in this District by making, using, importing, selling, and/or offering to sell OpenText Document Management, eDOCS Edition ("eDOCS DM"), which infringes the '083 patent.

**ANSWER**: OpenText does not dispute that this Court has personal jurisdiction over

OpenText, but denies the remaining allegations of paragraph 18.

19.    Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Defendant OpenText, upon information and belief, has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas.

**ANSWER**: OpenText does not dispute that venue is proper, but denies the remaining

allegations of paragraph 19.

## TECHNOLOGY BACKGROUND

20.     Advances in computational power and the explosive growth of the internet have led to the development of content management systems that aggregate data from hosts on a network.

**ANSWER**: OpenText is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 20 of the Amended Complaint, in part because the allegations are vague and ambiguous, and, accordingly, denies the allegations.

21.     Mr. Almeida invented ways of overcoming drawbacks arising from content management systems. Mr. Almeida's inventions improved upon the then-available technology, enabled the production and generation of more effective communications, distribution of applications over a computer network, reduced costs, and resulted in improvements to content management systems.

**ANSWER**: OpenText denies the allegations set forth in paragraph 21 of the Amended Complaint.

22.     The '083 patent teaches specific computer-based content management systems, including systems that use a virtual network resource infrastructure for hosting and managing heterogeneous data from multiple hosts.

**ANSWER**: OpenText refers to the '083 Patent for a true and complete recitation of the substance thereof and denies the remaining allegations set forth in paragraph 22 of the Amended Complaint.  OpenText further denies that the '083 Patent is valid and enforceable.

23.     Mr. Almeida disclosed his inventions to the public, had the claims in the '083 patent repeatedly scrutinized on grounds of eligibility, novelty, non-obviousness, written description, and enablement by examiners at the U.S. Patent Office, overcame prior art references through prosecution proceedings, paid and continues to pay filing and maintenance fees to the U.S. Patent Office, and was awarded the '083 patent. Because of those actions, the public has benefitted from Mr. Almeida's disclosures, and each claim of the '083 patent is

statutorily protected by a presumption of validity that can be rebutted only by clear and convincing evidence.

**ANSWER**: OpenText denies that the '083 Patent discloses or claims patentable inventions.  OpenText denies that the claims of the '083 Patent were "repeatedly scrutinized on grounds of eligibility, novelty, non-obviousness, written description, and enablement." OpenText admits that the U.S. Patent Office issued the '083 Patent.  OpenText denies that "the public has benefitted from Mr. Almeida's disclosures." OpenText is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Amended Complaint, and, accordingly, denies the allegations.  OpenText further denies that the '083 Patent is valid and enforceable.

24.     The examiners who issued the '083 patent examined claims in parent and related applications, and repeatedly cited many prior art references, before satisfying themselves that the claims of the '083 patent differed substantially from the paradigm of earlier technology.

**ANSWER**: OpenText admits that the U.S. Patent Office issued the '083 Patent. OpenText denies any and all other allegations set forth in paragraph 24 of the Amended Complaint.  OpenText further denies that the '083 Patent is valid and enforceable.


25.     During examination of the '083 patents, the U.S. Patent Office had access to and knowledge of the then-current state of the art and earlier technology. The materials cited on the face of the patent and considered by the examiners include U.S. patents and published applications, as well as foreign patent documents.

**ANSWER**: OpenText refers to the '083 Patent for a true and complete statement of the materials cited therein.  OpenText denies the remaining allegations set forth in paragraph 25 of the Amended Complaint, and, accordingly, denies the allegations.


1.     **U.S. Patent No. 7,730,083**

26.     U.S. Patent No. 7,730,083 ("the '083 patent"), entitled *Method of Using a Code to Track User Access to Content*, was filed on October 31, 2007, and claims priority to December 20, 2001.  UnoWeb is the owner by assignment of the '083 patent.  A true and correct copy of the '083 patent is attached hereto as Exhibit A.  The '083 patent claims specific methods for tracking user views of content from a plurality of content hosts using a surf code reference and providing users with access to a list of content they had previously viewed.

**ANSWER**: OpenText refers to the '083 Patent for a true and correct statement of its contents, and admits that Exhibit A purports to be a copy of the '083 Patent.  OpenText denies that the '083 Patent is valid and enforceable.  Except as expressly admitted, OpenText denies any and all other allegations set forth in paragraph 26 of the Amended Complaint.

27.     The '083 patent claims a technical solution to a problem unique to computer networks – tracking a user's access to content gathered from multiple hosts and providing the user with a list of content previously viewed by the user.

**ANSWER**: OpenText denies the allegations set forth in paragraph 27 of the Amended Complaint.

28.     The '083 patent is directed to the tracking of user access to content aggregated from multiple hosts and enabling the display of previously accessed content to a user.  To accomplish this object, the '083 patent proposed technological solutions, including the use of a surf code reference that enabled the tracking of a user as content from different hosts is accessed.  The patent specification explains that a surf code reference "is used for automatically storing a reference for each information supplied to each client and it forms the surf user-list.  Once the user requests his/her surf user-list, the server will use each surf code reference and create the surf user-list and sent it to the user.  A surf user-list will only include information that was previously viewed by the user." '083 patent, col. 21:59-65.

**ANSWER**: OpenText refers to the '083 Patent for a true and correct statement of its contents.  OpenText denies that the '083 Patent is valid and enforceable.  Except as expressly admitted, OpenText denies any and all other allegations set forth in paragraph 28 of the Amended Complaint.

29.     The '083 patent addresses a problem faced by operators who had a need to track access to content that came from multiple hosts. Further, there was a need to allow users to access content that they had viewed even if the content had come from multiple hosts. The '083 patent teaches new technological solutions to these problems. The solutions include, for example: (1) enabling users to access a virtual server providing a view of content supplied from multiple hosts,[8] (2) assigning a surf code reference to each of the pieces of content that are accessed by a user,[9] and (3) storing a user list comprising the surf code reference such that a user can subsequently access a list of the content they had accessed.

**ANSWER**: OpenText refers to the '083 Patent for a true and correct statement of its contents.  OpenText denies that the '083 Patent is valid and enforceable.  Except as expressly admitted, OpenText denies any and all other allegations set forth in paragraph 29 of the Amended Complaint, including the footnotes contained therein.

30.     The '083 patent discloses methods that are necessarily rooted in computer technology and are directed to overcoming a problem specifically arising in the realm of computer networks. The need to track a user accessing content retrieved from various hosts presented a new challenge.

**ANSWER**: OpenText refers to the '083 Patent for a true and correct statement of its contents.  OpenText denies that the '083 Patent is valid and enforceable.  Except as expressly admitted, OpenText denies any and all other allegations set forth in paragraph 30 of the Amended Complaint.

---

[8] The claims of the '083 patent are similar to those found to constitute patent eligible subject matter. *See*, *e.g.*, *DDR Holdings v. Hotels.com*, 773 F.3d 1245 (Fed. Cir. 2014) (invention directed towards generating a composite web page that combined certain aspects of a host website with information from a third-party merchant was eligible for patenting because the invention addressed an important challenge – *i.e.*, retaining website visitors through the use of computer technology); *KlausTech, Inc. v. Admob, Inc.*, Case. No. 10-cv-05899, Dkt. No.145 at 5 (N.D. Cal. Aug. 31, 2015) (upholding the validity of an internet advertising patent that "employs a new approach to control and monitor the display of advertisement on Internet browsers and seeks to solve technical problems that do not exist in the conventional advertising realm"); *Mirror World Techs. LLC v. Apple Inc.*, et al., Case No. 13-cv-419, Dkt. No. 346 at 18 (E.D. Tex. July 7, 2015) (upholding the patent eligibility of claims where "the invention is a method whereby a computer system organizes every data unit that it receives or generates chronologically with time stamps").

[9] The '083 patent also is directed, at least in part, at generating specific data structures. The generation of specific data structures has been found to confer patent eligibility by various courts. *See e.g.*, *Advanced Marketing Sys., LLC v. CVS Pharmacy, Inc.*, Case No. 15-cv-00134 Dkt. No. 77 at 10 (E.D. Tex. Nov. 19, 2015) (Order Adopted at Dkt. No. 95 January 25, 2016) (denying without prejudice Defendants' motion to dismiss patents directed to discount coupons: "The presence of these structures counsels away from summarily concluding that the asserted claims are directed to an abstract idea.").

31.     At the time of the inventions claimed in the '083 patent, processing, transmitting, and aggregating electronic data from various hosts and tracking users' access to specific pieces of content presented new and unique issues over the state of the art.

**ANSWER**: OpenText denies the allegations set forth in paragraph 31 of the Amended Complaint.

32.     Although the methods taught in the '083 patent have been adopted by leading businesses today, at the time of invention, the technologies taught in the '083 patent claims were innovative and novel.

**ANSWER**: OpenText denies the allegations set forth in paragraph 32 of the Amended Complaint.

33.     Further, the '083 patent claims improve upon the functioning of a computer system by using a surf code reference to allow the granular identification of content accessed by a user. The inventions disclosed in the '083 patent improve the functioning of a computer system by improving the security of the system and reducing the amount of data stored (and computer resources utilized).

**ANSWER**: OpenText refers to the '083 Patent for a true and correct statement of its contents.  OpenText denies that the '083 Patent is valid and enforceable.  Except as expressly admitted, OpenText denies any and all other allegations set forth in paragraph 33 of the Amended Complaint.

34.     One or more claims of the '083 patent teach the gathering of data from hosts to create a surf code reference. The creation of a label such as a "surf code" has been found to confer patent eligibility by various courts.[10]

**ANSWER**: OpenText refers to the '083 Patent for a true and correct statement of its contents.  OpenText denies that the '083 Patent is valid and enforceable.  Except as expressly

---

[10] *See e.g.*, *Gonzalez v. InfoStream Group, Inc.*, Case. No. 2-14-cv-00906, Dkt. No. 160 at 7 (E.D. Tex. Feb. 6, 2016) (finding, with respect to steps for "'gathering' one type of data and 'producing' a 'label[,]'" that "'[g]athering' data may describe an abstract idea, but 'producing' a 'label' based on that data does not describe an abstract idea").

admitted, OpenText denies any and all other allegations set forth in paragraph 34 of the Amended Complaint, including the footnote contained therein.


35.    The '083 patent claims are not directed to a "method of organizing human activity," "fundamental economic practice long prevalent in our system of commerce," "a building block of the modern economy," or the broad concept of "content management." Instead, they are concretely circumscribed by specific limitations, as evidenced by independent claims 1 and 8.

**ANSWER**: OpenText refers to the '083 Patent for a true and correct statement of its contents.  OpenText denies that the '083 Patent is valid and enforceable.  Except as expressly admitted, OpenText denies any and all other allegations set forth in paragraph 35 of the Amended Complaint.


36.    The '083 patent does not preempt the field of content management systems, or prevent use of alternative content management systems that enable the viewing of previously accessed content. For example, the '083 patent includes inventive elements—embodied in specific claim limitations—that concretely circumscribe the patented invention and greatly limit its breadth. These inventive elements are not necessary or obvious tools for achieving content aggregation, and they ensure that the claims do not preempt other techniques for content management. Further, the twenty-two patents cited in the prosecution history include numerous systems that are not preempted by the claims of the '083 patent.

**ANSWER**: OpenText refers to the '083 Patent for a true and correct statement of its contents.  OpenText denies that the '083 Patent is valid and enforceable.  Except as expressly admitted, OpenText denies any and all other allegations set forth in paragraph 36 of the Amended Complaint.


37.    The '083 patent does not claim, or attempt to preempt, the performance of an abstract business practice using a conventional computer. Further, the claimed subject matter of the '083 patent is not a pre-existing but undiscovered algorithm.

**ANSWER**:   OpenText refers to the '083 Patent for a true and correct statement of its contents.  OpenText denies that the '083 Patent is valid and enforceable.  Except as expressly admitted, OpenText denies any and all other allegations set forth in paragraph 37 of the Amended Complaint.

38.    One or more claims of the '083 patent require a specific configuration of electronic devices, a network configuration, and servers to retrieve hosted content and assign the content a surf code reference that is used to generate a list of accessed content. These are meaningful limitations that tie the claimed methods and systems to specific machines.

**ANSWER**: OpenText refers to the '083 Patent for a true and correct statement of its contents.  OpenText denies that the '083 Patent is valid and enforceable.  Except as expressly admitted, OpenText denies any and all other allegations set forth in paragraph 38 of the Amended Complaint.

## COUNT 1

39.    UnoWeb references and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER**: OpenText references and incorporates by reference its responses to the preceding paragraphs 1 through 38 of the Amended Complaint as though fully stated herein.

40.    OpenText makes, uses, imports, sells, and/or offers to sell OpenText Document Management, eDOCS Edition ("eDOCS DM").

**ANSWER**: OpenText admits that it makes, uses, imports, sells or offers to sell eDOCS DM.

41.    The OpenText Product and Services Catalog ("Catalog") is linked for download on the OpenText website at https://www.opentext.com/products-and-solutions/products/opentext-product-and-services-catalog (last visited March 22, 2019). The PDF

of the Catalog is located at: http://www.opentext.com/file_source/OpenText/en_US/PDF/opentext-r16-product-catalogue-2016.pdf (last visited March 22, 2019).

**ANSWER**: OpenText refers to https://www.opentext.com/products-and-solutions/products/opentext-product-and-services-catalog and http://www.opentext.com/file_source/OpenText/en_US/PDF/opentext-r16-product-catalogue-2016.pdf for a true and complete statement of their contents. Except as expressly admitted, OpenText denies any and all other allegations set forth in paragraph 41 of the Amended Complaint.

42.     The Catalog describes the eDOCS DM product on page 147 of the Catalog: "OpenText Document Management, eDOCS Edition (eDOCS DM) is the eDOCS solution's platform module and provides customers with a secure, centralized repository to unify, manage, and govern their organization's work product." *Id.* The Catalog states: "eDOCS DM eliminates operational inefficiencies caused by rapidly growing volumes of content scattered across the organization stored in multiple locations—unintegrated, unindexed, and difficult to locate. It unifies and brings structure to dispersed content, ensuring it is efficiently managed and securely governed, yet easy to locate and access for day-to-day operations." *Id. See also* https://www.opentext.com/file_source/OpenText/en_US/PDF/opentext-po-edocs-document-management.pdf (providing overview of eDOCS DM, including the interfaces for eDOCS DM).

**ANSWER**: OpenText refers to the referenced Catalog and https://www.opentext.com/file_source/OpenText/en_US/PDF/opentext-po-edocs-document-management.pdf for a true and complete statement of their respective contents.  Except as expressly admitted, OpenText denies any and all other allegations set forth in paragraph 42 of the Amended Complaint.

43.     On information and belief, eDOCS DM infringes at least independent claims 1 and 8 of the '083 patent. For instance, the eDOCS DM server hosts a plurality of contents provided by a plurality of content hosts. For example, users may use the DM Sync & Save feature so that locally saved content is automatically uploaded into eDOCS DM (where it is accessible to other users). *See*, *e.g.*, Overview of the Functionality in eDOCS 16.1, at slide 29,

available at https://www.contesto.no/Whats%20New%20in%20eDOCS%2016_1%20-%20Contesto%20March%201%202017%20Final.pdf.



*See also* eDOCS DM Training - eDOCS 16 Preview, published by OpenText eDocs Support Training, and available at https://www.youtube.com/watch?v=GFY_BXy2Cb8.

**ANSWER**: OpenText refers to the referenced Overview of the Functionality in eDOCS 16.1 and eDOCS DM Training - eDOCS 16 Preview for a true and complete statement of their contents. Except as expressly admitted, OpenText denies any and all other allegations set forth in paragraph 43 of the Amended Complaint, including that eDOCS DM infringes any claim of the '083 Patent.

44.    A user interfaces with the server, not with the synced folders or other local machines, and does so after logging into the DM server. *See*, *e.g.*, eDOCS DM Training - eDOCS DM Consumer Webtop (CWT), published by OpenText eDocs Support Training, and available at https://www.youtube.com/watch?v=6eV5H5DPDVs:



**ANSWER**: OpenText refers to https://www.youtube.com/watch?v=6eV5H5DPDVs for a

true and complete statement of its contents.  Except as expressly admitted, OpenText denies any

and all other allegations set forth in paragraph 44 of the Amended Complaint.

45.     A user then views multiple contents (e.g., documents uploaded by other users). To track what the user has seen and edited, upon information and belief, the accused system assigns a surf code reference to the different contents viewed and edited. A user may then request, for example, that the mostly recently edited contents be displayed. *See*, *e.g.*, Customer Webinar: Greater Flexibility and Productivity with eDOCS DM 16.2 and InfoCenter!, available through link at  https://www.opentext.com/campaigns/edocs-securenetwork-webinar. A tile (in the InfoCenter interface) displays the most recently edited contents to the user.



*Id.* This tile may be deleted by the user.



*Id.* This tile also may be added by the user.



*Id.* The ability to quickly locate important or frequently viewed content is highlighted by OpenText. *See*, *e.g.*, https://www.opentext.com/file_source/OpenText/en_US/PDF/opentext-po-edocs-document-management.pdf;                    https://blogs.opentext.com/announcing-edocs-16-2-infocenter-increased-flexibility-productivity/:

> With this release, we're adding InfoCenter to our arsenal of DM interfaces, giving users more choice and more flexibility in how they work. With InfoCenter, users can select and surface content in the form of 'tiles'—so important or frequently used information is just a click away. The interface is highly configurable and easily customized to user preferences.
>
> - Easily add or delete tiles, drag and drop to move and re-order them
> - Quickly access saved searches, recently edited documents, workspaces, or FlexFolders by surfacing them as tiles

*Id.*

**ANSWER**: OpenText refers to          https://www.opentext.com/campaigns/edocs-securenetwork-webinar,  https://www.opentext.com/file_source/OpenText/en_US/PDF/opentext-po-edocs-document-management.pdf   and   https://blogs.opentext.com/announcing-edocs-16-2-infocenter-increased-flexibility-productivity/  for a true and complete statement of their

respective contents.  Except as expressly admitted, OpenText denies any and all other allegations set forth in paragraph 45 of the Amended Complaint.

46.     The user may click on a piece of content listed – *e.g.*, a Word document – and the content is supplied to the user (and the native application is launched). *See, e.g.*, https://blogs.opentext.com/announcing-edocs-16-2-infocenter-increased-flexibility-productivity/ ("Open and access tile content with a single click. Once selected, content will launch in the authoring application"); OpenText eDOCS InfoCenter – Demo, available at https://www.youtube.com/watch?v=AxHJDIOmBg8, and available at https://www.opentext.com/products-and-solutions/industries/legal/legal-content-management-edocs/law-firms/opentext-document-management-edocs-edition-edocs-dm.

**ANSWER**: OpenText refers to https://blogs.opentext.com/announcing-edocs-16-2-infocenter-increased-flexibility-productivity/,

https://www.youtube.com/watch?v=AxHJDIOmBg8 and https://www.opentext.com/products-and-solutions/industries/legal/legal-content-management-edocs/law-firms/opentext-document-management-edocs-edition-edocs-dm for a true and complete statement of their respective contents.  Except as expressly admitted, OpenText denies any and all other allegations set forth in paragraph 46 of the Amended Complaint.

47.     eDOCS DM is available to businesses and individuals throughout the United States, and, on information and belief, is provided to businesses and individuals located in the Eastern District of Texas.

**ANSWER**: OpenText admits that it offers eDOCS DM for sale to business and individuals throughout the United States, including in the Eastern District of Texas.  Except as expressly admitted, OpenText denies any and all other allegations set forth in paragraph 47 of the Amended Complaint.

48.     By making, using, importing, offering for sale, and/or selling OpenText Document Management, eDOCS Edition (eDOCS DM), OpenText has injured UnoWeb and is

liable to UnoWeb for directly infringing one or more claims of the '083 patent, including at least independent claims 1 and 8, pursuant to 35 U.S.C. § 271(a).

**ANSWER**: OpenText denies the allegations set forth in paragraph 48 of the Amended Complaint.

49.     On information and belief, OpenText also indirectly infringes the '083 patent by actively inducing infringement under 35 U.S.C. § 271(b), at least as of the date of service of the original Complaint in this matter.

**ANSWER**: OpenText denies the allegations set forth in paragraph 49 of the Amended Complaint.

50.     OpenText has had knowledge of the '083 patent since at least service of the original Complaint in this matter or shortly thereafter, and on information and belief, OpenText knew of the '083 patent and knew of its infringement, including by way of this lawsuit.

**ANSWER**: OpenText admits that it gained knowledge of the '083 Patent through the service of the original complaint in this matter or shortly thereafter.  OpenText denies any and all other allegations set forth in paragraph 50 of the Amended Complaint.

51.     On information and belief, OpenText intended to induce patent infringement by third-party customers and users of eDOCS DM and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement. OpenText specifically intended and was aware that the normal and customary use of the accused products would infringe the '083 patent. OpenText performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '083 patent and with knowledge that the induced acts would constitute infringement. For example, OpenText provides eDOCS DM and documentation and training materials that cause customers and end users of eDOCS DM to utilize the product in a manner that directly infringes one or more claims of the '083 patent, including at least independent claims 1 and 8. *See* OpenText training videos, marketing videos, webinar, and documentation cited in Paragraphs 43 through 47, *supra*. By providing instruction and training to customers and end-users on how to use the OpenText '083 Product in a manner that directly infringes one or more claims of the '083 patent, including at least independent claims 1 and 8, OpenText specifically intended to induce infringement of the '083 patent. On information and belief, OpenText engaged in such inducement, *e.g.*, through OpenText user guides, product support, marketing materials, and

training materials, to promote the sales of eDOCS DM. Accordingly, OpenText has induced and continues to induce users of the accused product to use the accused product in its ordinary and customary way to infringe the '083 patent, knowing that such use constitutes infringement of the '083 patent.

**ANSWER**: OpenText denies the allegations set forth in paragraph 51 of the Amended Complaint.

52.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '083 patent.

**ANSWER**: Paragraph 52 is a legal conclusion to which no response is necessary.  To the extent a conclusion is necessary, OpenText denies the allegations set forth in paragraph 52 of the Amended Complaint.

53.     As a result of OpenText's infringement of the '083 patent, UnoWeb has suffered monetary damages, and seeks recovery in an amount adequate to compensate for OpenText's infringement, but in no event less than a reasonable royalty for the use made of the invention by OpenText together with interest and costs as fixed by the Court, and UnoWeb will continue to suffer damages in the future unless OpenText's infringing activities are enjoined by this Court.

**ANSWER**: OpenText denies the allegations set forth in paragraph 53 of the Amended Complaint, including the footnote contained therein.

54.     Unless a permanent injunction is issued enjoining OpenText and its agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '083 patent, UnoWeb will be greatly and irreparably harmed.

**ANSWER**: OpenText denies the allegations set forth in paragraph 54 of the Amended Complaint.

## RESPONSE TO PRAYER FOR RELIEF

OpenText incorporates by reference its responses to paragraphs 1-54 of the Amended Complaint and denies that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

The request for a jury trial set forth in the Amended Complaint requires no response.

## OPENTEXT'S DEFENSES

Pursuant to the Federal Rules of Civil Procedure, OpenText asserts at this time the following affirmative defenses to the Amended Complaint based on OpenText's present knowledge, information and belief, and without waiving any other affirmative defense that may arise or come to OpenText's attention in the future.  OpenText reserves all other defenses and the right to amend its pleadings to assert any such additional defenses or claims.

## FIRST DEFENSE

The claims of the '083 Patent are invalid for failure to meet one or more of the conditions of patentability as specified in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103 and/or 112 *et seq*.  For example, the claims of the '083 Patent are invalid under 35 U.S.C. § 101 as directed to ineligible subject matter, e.g., they claim merely the abstract idea of tracking user access to content using conventional, generic computing elements.  Thus, the '083 Patent claims are invalid as directed to ineligible subject matter under 35 U.S.C. § 101.

The claims of the '083 Patent are also invalid under 35 U.S.C. §§ 102 and/or 103 in view of the prior art.  For example, the claims are anticipated by and/or obvious in view of at least OpenText's products and publications, including at least DocsOpen and/or PowerDocs, and

published documents relating thereto, which were available at least as early as June 2000 and which disclose or embody every element of the claims of the '083 Patent either alone or in combination with other prior art.

The claims of the '083 Patent are also invalid for being indefinite, lacking written description support, and/or lacking enablement under 35 U.S.C. § 112.  For example, the claims of the '083 Patent are indefinite, lack written description support, and/or lack enablement at least with respect to the terms, e.g., "required software and hardware," "assigning a surf code reference," "presenting the content viewed," "virtual server providing the virtual network," and "supplying a content to the user drawn from the user list."

## SECOND DEFENSE

Plaintiff's claims are barred or otherwise limited under principles of equity, including waiver, estoppel, unclean hands, laches and/or acquiescence.

## THIRD DEFENSE

Plaintiff's right to seek damages is limited or barred, including without limitation, by 35 U.S.C. §§ 286 and 287.

## <u>OPENTEXT'S COUNTERCLAIMS</u>

1.      Defendant   and   Counterclaim   Plaintiff   Open   Text   Inc.   ("OpenText") counterclaims against Plaintiff and Counterclaim Defendant UnoWeb Virtual, LLC ("UnoWeb") as follows.

## PARTIES

2.      OpenText Inc. is a corporation organized under the laws of Delaware.

3.     On information and belief, and by its Amended Complaint, UnoWeb Virtual, LLC is a limited liability company organized under the laws of Texas, with its principal place of business located at 5761 Robbie Road, #3403, Plano, Texas 75024.

### JURISDICTION AND VENUE

4.     These counterclaims seek a declaratory judgment of non-infringement, patent invalidity, and patent unenforceability of U.S. Patent No. 7,730,083 (the "'083 Patent") arising under the patent laws of the United States, Title 35 of the United States Code.

5.     This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6.     The venue requirements of 28 U.S.C. §§ 1391 and 1400(b) are satisfied.

7.     This Court has personal jurisdiction over Counterclaim Defendant UnoWeb Virtual, LLC  because, by its Amended Complaint, UnoWeb's principal place of business is located in the Eastern District of Texas.

### FIRST COUNTERCLAIM
### (DECLARATION OF NON-INFRINGEMENT OF THE ´083 PATENT)

8.     UnoWeb, by its Amended Complaint, alleges that it is the owner of the '083 Patent and that OpenText has directly and indirectly infringed the '083 Patent by making, using, importing, offering for sale, and/or selling OpenText Document Management, eDOCS Edition (eDOCS DM).   OpenText incorporates by reference its responses to the allegations in the Amended Complaint and its affirmative defenses.

9.     eDOCS DM does not perform all of the steps in any claim of the '083 Patent. Accordingly, OpenText has not infringed and is not infringing, directly or indirectly, either literally or under the doctrine of equivalents, any claim of the '083 Patent. No product made,

used, sold, offered for sale, or imported by OpenText infringes, either literally or under the doctrine of equivalents, any claim of the '083 Patent.

10.     OpenText has not induced, and is not inducing, any persons or entities to perform all of the steps of any claim of the '083 Patent.  OpenText does not, and has not, had the requisite specific intent to infringe, or knowledge of infringement, of the '083 Patent required for induced infringement.  OpenText also was not aware of the '083 Patent until it was served with the original complaint in this case or shortly thereafter, and thus did not have the required knowledge of the '083 Patent prior to that time.

11.     An actual, justiciable controversy exists between the parties by virtue of UnoWeb's Amended Complaint and OpenText's Answer as to the non-infringement of the '083 Patent.

12.     The baseless allegations of patent infringement made by UnoWeb are causing irreparable damage to OpenText.

13.     OpenText is entitled to judgment by this Court declaring all claims of the '083 Patent not infringed by OpenText.

14.     Because UnoWeb's conduct renders this case "exceptional" under 35 U.S.C. § 285, OpenText is entitled to recover its reasonable costs, expenses, and attorneys' fees.

## SECOND COUNTERCLAIM
### (DECLARATION OF INVALIDITY OF THE ´083 PATENT)

15.     UnoWeb, by its Amended Complaint, alleges that it is the owner of the '083 Patent and that OpenText has directly and indirectly infringed the '083 Patent.  OpenText incorporates by reference its responses to the allegations in the Amended Complaint and its affirmative defenses.

16.     The '083 Patent is invalid for failure to meet one or more conditions of patentability as specified in the Patent Laws (Title 35 of the U.S. Code), including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112 *et seq.*

17.     For example, the claims of the '083 Patent are invalid under 35 U.S.C. § 101 as directed to ineligible subject matter, e.g., they claim merely the abstract idea of tracking user access to content using conventional, generic computing elements.  Thus, the '083 Patent claims are invalid as directed to ineligible subject matter under 35 U.S.C. § 101.

18.     The claims of the '083 Patent are also invalid under 35 U.S.C. §§ 102 and/or 103 in view of the prior art.  For example, the claims are anticipated by and/or obvious in view of at least OpenText's products and publications, including at least DocsOpen and PowerDocs and published documents relating thereto, which were available at least as early as June 2000 and which disclose or embody every element of the claims of the '083 Patent either alone or in combination with other prior art.

19.     The claims of the '083 Patent are also invalid for being indefinite, lacking written description support, and/or lacking enablement under 35 U.S.C. § 112.  For example, the claims of the '083 Patent are indefinite, lack written description support, and/or lack enablement at least with respect to the terms, e.g., "required software and hardware," "assigning a surf code reference," "presenting the content viewed," "virtual server providing the virtual network," and "supplying a content to the user drawn from the user list."

20.     An actual, justiciable controversy exists between the parties by virtue of UnoWeb's Amended Complaint and OpenText's Answer as to the non-infringement of the '083 Patent.

21.     The baseless allegations of patent infringement made by UnoWeb are causing irreparable damage to OpenText.

22.     OpenText is entitled to judgment by this Court declaring all claims of the '083 Patent are invalid.

23.     Because UnoWeb's conduct renders this case "exceptional" under 35 U.S.C. § 285, OpenText is entitled to recover its reasonable costs, expenses, and attorneys' fees.

## JURY DEMAND

OpenText demands a trial by jury on all issues so triable, including those in the Defenses and Counterclaims.

## PRAYER FOR RELIEF

**WHEREFORE**, OpenText prays for judgment as follows:

A.     That judgment be entered dismissing all of UnoWeb's claims for relief in the Amended Complaint with prejudice;

B.     That judgment be entered declaring that all claims for relief sought by UnoWeb in its Amended Complaint are denied with prejudice;

C.     That judgment be entered declaring that UnoWeb is not entitled to any relief whatsoever;

D.     That judgment be entered declaring that OpenText has not infringed, and is not infringing, any valid and enforceable claim of the '083 Patent, either literally or under the doctrine of equivalents;

E.     That judgment be entered declaring that the '083 Patent is invalid;

F.     That judgment be entered declaring this case "exceptional" and awarding OpenText its reasonable costs and expenses in this action, including reasonable attorneys' fees under 35 U.S.C. § 285 and other applicable statutes or laws, including interest; and

G.     That OpenText be awarded such other and further relief as this Court may deem just and proper.


Dated: April 5, 2019

|  | /s/  *Charles Ainsworth* |
|---|---|
| Of Counsel: | Charles Ainsworth |
|  | Texas Bar No. 00783521 |
| Timothy Carroll | PARKER, BUNT & AINSWORTH PC |
| Manny J. Caixeiro | 100 E. Ferguson St., Suite 418 |
| Katherine R. McMorrow | Tyler, Texas  75702 |
| DENTONS US LLP | Telephone: (903) 531-3535 |
| 233 South Wacker Drive, Suite 5900 | Email:  charley@pbatyler.com |
| Chicago, IL 60606 |  |
| Telephone: (312) 876 8000 |  |
| Fax: (312) 876 7934 |  |
| tim.carroll@dentons.com |  |
| manny.caixeiro@dentons.com |  |
| kate.mcmorrow@dentons.com |  |
|  | *Attorneys for Defendant and Counterclaim Plaintiff Open Text Inc.* |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 5, 2019 a copy of the foregoing was served on counsel of record by electronic means pursuant to the court's Electronic Case Filing (ECF) system:

**DEFENDANT OPEN TEXT INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

/s/ *Charles Ainsworth*
CHARLES AINSWORTH